# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2011

No. 10-60511
Summary Calendar

Lyle W. Cayce
Clerk

NANCY G. LAWSON,

Plaintiff–Appellant

v.

SOUTHERN COMPONENTS, INC.,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:08-CV-259

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nancy Lawson ("Lawson") appeals the district court's grant of judgment as a matter of law on her Title VII discrimination claim in favor of her former employer, Southern Components, Inc. ("Southern"). We AFFIRM.

## FACTS AND PROCEEDINGS

Lawson, a white woman, was employed by Southern as a supervisor in the cutting and sewing department. In July 2007, as directed by her supervisor,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lawson fired Doris Washington ("Washington"), a black employee whom Lawson supervised. In response, Washington complained to Southern that Lawson fired her because she had resisted Lawson's sexual advances. Southern suspended Lawson with pay while it conducted an investigation. Southern concluded that Washington had not been subjected to sexual harassment and reinstated both Lawson and Washington, transferring Washington to a different department. Washington then filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that she was sexually harassed by Lawson and that Southern retaliated against her by transferring her to another position.

Southern subsequently fired Lawson, citing her poor job performance and management skills.  In February 2008, Lawson filed her own charge of discrimination with the EEOC, alleging that she was discriminated against on the basis of her race.  After receiving her right to sue letter, Lawson filed this lawsuit in district court, claiming that she was fired because of her race in Southern's effort to improve its defense of Washington's sexual harassment lawsuit.

After discovery was completed, Southern moved for summary judgment, which the district court denied without addressing the merits. The case proceeded to trial. At the close of Lawson's case, Southern moved for judgment as a matter of law, which the district court denied, indicating that it would reconsider the motion at the close of all of the evidence. At the end of the trial, Southern again moved for judgment as a matter of law, and the district court granted the motion. The district judge held that Lawson had failed to produce sufficient evidence for a reasonable juror to conclude that Lawson was terminated because of her race.

## STANDARD OF REVIEW

"We review *de novo* a trial court's resolution of a Rule 50(a) motion for judgment as a matter of law, viewing all of the evidence 'in the light and with all reasonable inferences most favorable to the party opposed to the motion.'" *MGE UPS Sys., Inc. v. GE Consumer Indus., Inc.*, 622 F.3d 361, 365 (5th Cir. 2010) (quoting *Resolution Trust Corp. v. Cramer*, 6 F.3d 1102, 1109 (5th Cir. 1993)). A Rule 50(a) motion is properly granted "[i]f the facts and inferences point so strongly and overwhelmingly in favor of the moving party . . . that reasonable jurors could not have arrived at a contrary verdict." *Id.*

## DISCUSSION

A plaintiff in an employment discrimination case may present either direct or circumstantial evidence of intentional discrimination. *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). When the plaintiff presents only circumstantial evidence that her discharge was motivated by race discrimination, the court applies the *McDonnell Douglas* burden-shifting analysis. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that analysis, the plaintiff must first present evidence establishing the existence of a prima facie case of race discrimination. *Id.* To establish a prima facie case of racial discrimination, a plaintiff must prove that: (1) she is a member of a protected group or class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and (4) she was replaced by someone outside the protected class, other similarly-situated employees were treated more favorably, or she was otherwise discharged because of her race. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004); *Fields v. J.C. Penney Co.*, 968 F.2d 533, 536 n.2 (5th Cir. 1992). After the plaintiff establishes a prima facie case, the burden shifts to the employer to

3

show a legitimate, discriminatory reason for the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). The employer's burden is one of production, not persuasion, and does not involve a credibility assessment. *Id.* Once the employer has met this requirement, the burden then shifts back to the plaintiff to show either: "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (quotations and citations omitted) (alteration in original).

Lawson cannot establish a prima facie case of discrimination. The parties agree that Lawson is a member of a protected class, was qualified for her position, and was subject to an adverse employment decision. However, Southern contends that Lawson cannot meet the fourth element of her prima facie case because she cannot show that she was replaced by someone outside the protected class, that other similarly-situated employees were treated more favorably, or that she was otherwise discharged because of her race. Lawson does not argue that she was replaced by someone outside her class or treated less favorably than a similarly-situated employee. Instead, Lawson contends that she was discharged because of her race.

Lawson argues that Southern terminated her employment because she was white in order to appease Washington. In support of this theory, Lawson argues that Washington constantly complained of racism. Even if the trial testimony supported Lawson's theory that Washington complained of racism, Lawson failed to present evidence connecting Washington's grievances to her termination.

At trial Lawson testified regarding her personal belief that she was fired

4

because of her race. Aside from this testimony, she failed to introduce any evidence showing that her termination was racially motivated. "An employee's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief." *E.E.O.C. v. La. Office of Comty. Servs.,* 47 F.3d 1438, 1448 (5th Cir. 1995); *see also Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994) (holding that an employee's "self serving generalized testimony stating a subjective belief that discrimination occurred . . . is simply insufficient to support a jury verdict in plaintiff's favor"). Lawson's personal opinion—entirely unsupported by other evidence—that Southern fired her because she was white does not raise an inference of discrimination. Lawson cannot establish a prima facie case of discrimination.

## CONCLUSION

Because reasonable jurors could not have arrived at a verdict in Lawson's favor, the trial court's grant of judgment as a matter of law to Southern is AFFIRMED.